# THE UNITED STATES DISTRICT COURT
# NORTHER DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:18CR002 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MICHAEL PEDICINI, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on a Motion to Suppress filed by Defendant Michael Pedicini. Doc. 9. The Government timely opposed the motion. Doc. 140 The Court conducted an evidentiary hearing on June 21, 2018. Upon review of the relevant filings, the testimony and evidence, and applicable law, the Court DENIES the pending motion.

On November 26, 2017, Ohio State Highway Patrol Trooper Skipper pulled over Pedicini. According to Trooper Skipper's testimony, immediately after Pedicini drove past his cruiser, Pedicini crossed over the white marked-lane line into the bicycle lane. Trooper Skipper then questioned Pedicini about whether he had been consuming alcohol and about his use of a rental vehicle. During this encounter, Trooper Skipper asked Pedicini to step out of his vehicle and come to the patrol car while the trooper determined whether Pedicini had a valid driver's license. When the trooper asked Pedicini to step out of the vehicle, he also requested permission to perform a pat down search. In response, Pedicini stuck out his arms and nodded his head "yes."

Pedicini, however, contends that Trooper Skipper lacked probable cause to initiate a traffic stop. Specifically, Pedicini contends that the dash camera footage undermines the trooper's assertions that a marked-lane violation occurred. The Court finds no merit in this argument.

"[S]topping an automobile and detaining its occupants constitute a 'seizure' within the meaning of th[e] [Fourth] Amendment[ ], even though the purpose of the stop is limited and the resulting detention quite brief." *Delaware v. Prouse*, 440 U.S. 648, 653, (1979). An automobile stop is reasonable where the police have probable cause to believe that a traffic violation has occurred. *See id.*

Pedicini argues at length that Trooper Skipper's testimony should not be found credible. In support, Pedicini offered the report and testimony of his purported expert, Mr. Lipian, an accident reconstructionist. Through this evidence and testimony, Pedicini sought to demonstrate that Trooper Skipper could not have observed a marked-lane violation. The Court places little to no weight on this testimony. As Trooper Skipper indicated during his testimony, his vehicle was parked perpendicular to the roadway when it was passed by Pedicini's vehicle. With a stationary dash cam that only faces forward, it is hardly surprising that the forward-facing dash cam did not track Pedicini's vehicle and record the marked-lane violation. In contrast, Trooper Skipper described the roadway at issue and how his line of sight allowed him to view the marked-lane violation. Accordingly, the Government demonstrated that Trooper Skipper had probable cause to effectuate the traffic stop.

With respect to Pedicini's claim that Trooper Skipper lacked reasonable articulable suspicion to conduct a pat down, the dash camera footage speaks for itself.

Pedicini consented to the pat down when asked by Trooper Skipper. There were no signs of duress or coercion, and Trooper Skipper made it clear to Pedicini that he was not under arrest. Accordingly, Pedicini cannot maintain any claim of a Fourth Amendment violation.

Based upon the above, Pedicini's motion to suppress is DENIED.

IT IS SO ORDERED.


July 20, 2018 /s/ *Judge John R. Adams*
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT COURT